KLEINFELD, Circuit Judge,
dissenting:
I respectfully dissent.
In my view, the better reading of “Puget Sound” is that it means “Puget Sound.” We are engaged in the odd activity of deciding what a long deceased judge thought was accurate history about what happened 150 years earlier. We cannot retry the case. The best way to determine what the judge thought is the language he used. He said “Puget Sound.” True, a good case could have been made under the evidence for something narrower, something along the lines the majority describes. There was not much evidence, not much more than a report by an anthropologist about what she thought had been the various tribal patterns 150 years before, based on extremely sparse evidence available to her. I laid out my view more fully in the earlier decision in this case, Upper Skagit Tribe v. Washington, 576 F.3d 920 (9th Cir.2009). I could be wrong, and today’s majority could be wrong, but I am pretty sure that it is a mistake to reopen the matter without any more chance of being right.
Continually revisiting Judge Boldt’s decades-old opinions (and the limited record supporting them) in an attempt to discern what he thought the customs of multiple peoples were in the 1850’s and earlier, besides being extremely burdensome and expensive, is a fundamentally futile undertaking. The truth is not knowable. “This exercise is not law, and is not a reliable way to find facts, so it is hard to see why courts are doing it and how it could be preferable to the Indian tribes working some dispute resolution system out for themselves.”[1] That we now reverse ourselves in this iteration of the case underscores the futility of our pursuit moving-forward and demonstrates why Judge Boldt’s 1974 decree and its implementation process, continuing this case in perpetuity, should be brought to an end.[2]

. U.S. v. Washington, 573 F.3d 701, 710-11 (9th Cir.2009).

. See id.